IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESTINATION MATERNITY CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, CHEROKEE INC. AND ELIZABETH LANGE LLC<br><br>Defendants. | CASE NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Destination Maternity Corporation ("DMC"), by their undersigned counsel, brings this action against defendants, Target Corporation ("Target"), Cherokee Inc. ("Cherokee") and Elizabeth Lange LLC ("Liz Lange LLC") (collectively, "Defendants"), and in support alleges as follows:

### PARTIES

1. DMC is a Delaware corporation having its principal place of business at 456 North 5th Street, Philadelphia, PA 19123-4007.

2. Upon information and belief, Target is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

3. Upon information and belief, Cherokee is a Delaware corporation with its principal place of business at 6835 Valjean Avenue, Van Nuys, California 91406.

1

EAST\51758019.2

4. Upon information and belief, Liz Lange LLC is a New York limited liability company with its principal place of business at 347 West 36th Street, 2nd Floor, New York, NY 10018.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1 *et seq.*

6. Upon information and belief, the Court has personal jurisdiction over Defendants because specific acts of infringement occurred within this judicial district.

7. Upon information and belief, Defendants are doing business in this judicial district and the Court has personal jurisdiction for this additional reason.

8. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

## FACTS

### *Destination Maternity Background*

9. DMC was founded in Philadelphia in 1982 as a small mail-order maternity apparel catalog. As a pioneer and innovator of maternity clothing, DMC successfully grew from its humble beginnings into the United States' largest maternity apparel retailer with more than 2,000 retail locations.

10. As DMC grew, it preserved its Philadelphia roots, maintaining its corporate headquarters is in Philadelphia in the Northern Liberties section. In addition, all of DMC's distribution centers

are located in Philadelphia, including a facility in the Philadelphia Naval Business Center, which is used for warehousing, distribution and raw material cutting.

11. Currently, DMC employs approximately 650 people in Philadelphia.

### *The Patents-in-Suit*

12. On October 19, 2010, United States Patent No. 7,814,575 (the "'575 Patent") for "Belly Covering Garment" was legally issued by the United States Patent and Trademark Office ("USPTO") to inventors Lisa A. Hendrickson, James H. Gardner III and Richard Adelman. A copy of the '575 Patent is attached hereto as Exhibit A.

13. DMC is the owner of the entire right, title, and interest in and to the '575 Patent. DMC and/or its predecessors in interest owned the '575 Patent throughout the period of the Defendants' infringing acts.

14. On July 24, 2012, United States Patent No. RE 43,531 (the "'531 Patent") for "Belly Covering Garment" was legally issued by the USPTO to inventors Lisa A. Hendrickson, James H. Gardner III and Richard Adelman. A copy of the '531 Patent is attached hereto as Exhibit B.

15. The '531 Patent is a reissue of the '575 Patent.

16. DMC is the owner of the entire right, title, and interest in and to the '531 Patent. DMC owned the '531 Patent throughout the period of the Defendants' infringing acts and still owns the '531 Patent.

17. Claims 1-25 of the '531 Patent are identical to Claims 1-25 of the '575 Patent.

18. On March 8, 2011, United States Patent No. 7,900,276 (the "'276 Patent") for "Belly Covering Garment" was legally issued by the USPTO to inventors Lisa A. Hendrickson, James H. Gardner III and Richard Adelman. A copy of the '276 Patent is attached hereto as Exhibit C.

19. DMC is the owner of the entire right, title, and interest in and to the '276 Patent. DMC and/or its predecessors in interest owned the '276 Patent throughout the period of the Defendants' infringing acts.

20. On August 7, 2012, United States Patent No. RE 43,563 (the "'563 Patent") for "Belly Covering Garment" was legally issued by the USPTO to inventors Lisa A. Hendrickson, James H. Gardner III and Richard Adelman. A copy of the '563 Patent is attached hereto as Exhibit D.

21. The '563 Patent is a reissue of the '276 Patent.

22. Claims 1-16 of the '563 Patent are identical to Claims 1-16 of the '276 Patent.

23. DMC is the owner of the entire right, title, and interest in and to the '531 Patent. DMC owned the '531 Patent throughout the period of the Defendants' infringing acts and still owns the '531 Patent.

## Patent Infringement

24. The Defendants have infringed, and are still infringing, directly and indirectly, the '531 Patent and the '563 Patent (collectively, the "Patents-in-Suit"), including prior infringement of the '575 Patent and the '276 Patent, by making, using, offering to sell, selling and/or importing garment bottoms that embody the Patents-in-Suit including, but not limited to, garment bottoms sold under the brand Liz Lange® (the "Accused Products").

25. The Accused Products include currently offered clothing named "Liz Lange® for Target® Maternity Extended-Sizes Flare Jeans - Dark Wash"; "Liz Lange® for Target® Maternity Beige-Band Bootcut Jeans - Kalena Blue"; "Liz Lange® for Target® Maternity Blue-Band Bootcut Jeans - Kalena Blue"; and "Liz Lange® for Target® Maternity Straight-Leg Pants - Light Peet."

26. Upon information and belief, the Accused Products are or were available, and are or were being offered for sale and sold, at stores carrying Defendants' products and at the following Target websites, including at stores and to consumers located in this Judicial District:

   a. http://www.target.com/p/liz-lange-for-target-maternity-extended-sizes-flare-jeans-dark-wash/-/A-13510376

   b. http://www.target.com/p/liz-lange-for-target-maternity-beige-band-bootcut-jeans-kalena-blue/-/A-14171092

   c. http://www.target.com/p/liz-lange-for-target-maternity-blue-band-bootcut-jeans-kalena-blue/-/A-14170948

   d. http://www.target.com/p/liz-lange-for-target-maternity-striaght-leg-pants-light-peet/-/A-14138496

27. Upon information and belief, Cherokee owns the Liz Lange® brand.

28. Upon information and belief, Liz Lange LLC is a subsidiary of Cherokee.

29. Upon information and belief, Target, Liz Lange LLC and/or Cherokee are or were responsible for the design, manufacture, and marketing of garment bottoms sold under the Liz Lange® brand.

30. Liz Lange LLC and/or Cherokee direct customers to buy products at third party stores and websites, including Target, at the website http://www.lizlange.com/where-to-buy/.

31. Upon information and belief, Liz Lange LLC and/or Cherokee direct customers to buy products at third party stores and websites with the specific intent to induce infringement of the Patents-in-Suit.

32. Upon information and belief, Cherokee is expanding the territory for the Liz Lange® brand.

33. Upon information and belief, Target sells garment bottoms under the Liz Lange® brand at Target's more than 1,700 stores nationwide and online at www.target.com.

34. Upon information and belief, maternity patents sold under the Liz Lange® brand are exclusively sold by Target.

35. Target indirectly infringes the Patents-in-Suit because its customers use the Accused Products.

36. Upon information and belief, Target offers to sell and sells the Accused Products to customers with the specific intent to induce infringement of the Patents-in-Suit.

37. Upon information and belief, the Defendants had knowledge that the Accused Products are especially made or especially adapted for use in an infringement of the Patents-in-Suit and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

38. Defendants are infringing and/or infringed the Patents-in-Suit because they are or were actively inducing others to infringe by providing Accused Products to third parties who are or were using, offering for sale, selling and/or importing the Accused Products.

39. The Defendants have infringed and are still infringing, directly and indirectly, the Patents-in-Suit by making, using, offering to sell, selling and/or importing pant products that embody the Patents-in-Suit including, but not limited to, the Accused Products.

40. The inventions covered by the Patents-in-Suit are of great value to DMC. Defendants' infringing conduct has taken place within the United States without license or permission of DMC and it is believed that such activity will continue unless enjoined by this Court.

41. DMC has suffered and will continue to suffer damages from the acts of infringement complained of herein.

## *Notice of Patent Infringement*

42. Defendants' infringement has been, and continues to be, willful and deliberate. Defendants have been on constructive notice of the Patents-in-Suit by at least as early as December 4, 2008, when the applications relating to the '575 Patent and '276 Patent were published, and further on October 19, 2010 and March 8, 2011, when the '575 Patent and '276

Patent issued, respectively. The Defendants have had actual notice since at least as early as a letter dated June 26, 2009 from DMC to Target.

43. The Defendants continue to sell the Accused Products despite an objectively high likelihood that their actions constitute infringement of the Patents-in-Suit. The Defendants knew or should have known that their actions constituted direct and indirect infringement of the Patents-in-Suit.

44. DMC sells products in the United States that embody the Patents-in-Suit, including under the brand name Secret Fit Belly®.

45. DMC has complied with the statutory requirement of placing a notice of the Letters Patent on all garment bottoms that it manufactures and sells embodying the Patents-in-Suit and has given the Defendants written notice of infringement through Target.

46. In a letter dated June 26, 2009, DMC informed Target that DMC owned Patent Application Nos. 11/756,242 (the "'242 Application") and 12/117,004 (the "'004 Application). DMC also provided Target with copies of the published '242 Application and '004 Application.

47. In a letter dated February 22, 2011, DMC informed Target that the '242 Application issued as the '575 Patent. DMC also informed Target that the '004 Application was granted a Notice of Allowance from the USPTO and that DMC paid the issue fee. DMC provided Target with a copy of the '575 Patent and the allowed claims of the '004 Application.

48. In its February 22, 2011 letter, DMC informed Target that "products being offered by Target under the 'Liz Lange Maternity for Target' brand appear to be identical or virtually identical to the Secret Fit Belly® features for which [DMC has] received patent protection."

49. In a letter dated February 25, 2011, Target responded to DMC requesting additional information.

50. In a letter dated March 16, 2011, counsel for DMC provided Target with additional information including a claim chart and Target website print-outs showing some of the garment bottoms in question. The claim charts specifically compared each claim element of the DMC patents to the identified Target garment bottoms. The identified garment bottoms in question were several Liz Lange® for Target® maternity pants.

51. Counsel for Target and counsel for DMC exchanged further correspondence without resolution.

## COUNT I
### (Infringement Of The '531 Patent)

52. DMC repeats and incorporates by reference the previous paragraphs of this Complaint as if set forth in full herein.

53. The Accused Products infringe the '531 Patent because they include the claim limitations of the '531 Patent either literally or under the doctrine of equivalents.

54. The Defendants have directly and indirectly infringed, and are still directly and indirectly infringing, the '531 Patent by making, using, offering to sell, selling and/or importing maternity

pant products that embody the '531 Patent including, but not limited to, the Accused Products. The Defendants will continue to infringe the '531 Patent unless enjoined by this Court.

55. Defendants' infringement has irreparably injured DMC and will continue to injure DMC unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Defendants' products that fall within the scope of the '531 Patent.

56. Defendants' infringement of the `531 Patent has been and continues to be willful and deliberate.

57. The Defendants had actual notice of at least Claims 1-25 the '531 Patent and, despite that notice, the Defendants have persisted in infringing the '531 Patent. The Defendants have acted despite an objectively high likelihood that their actions constitute infringement of the '531 Patent, and knew or should have known of the risk associated with their deliberate actions.

58. The Defendants' infringement has injured DMC, and DMC is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, treble damages, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

## COUNT II
### (Infringement Of The '563 Patent)

59. DMC repeats and incorporates by reference the previous paragraphs of this Complaint as if set forth in full herein.

60. The Accused Products infringe the '563 Patent because they include the claim limitations of the '563 Patent either literally or under the doctrine of equivalents.

61. The Defendants have directly and indirectly infringed, and are still directly and indirectly infringing, the '563 Patent by making, using, offering to sell, selling and/or importing maternity pant products that embody the '563 Patent including, but not limited to, the Accused Products. The Defendants will continue to infringe the '563 Patent unless enjoined by this Court.

62. Defendants' infringement has irreparably injured DMC and will continue to injure DMC unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offers for sale, sale and importation of Defendants' products that fall within the scope of the '563 Patent.

63. Defendants' infringement of the '563 Patent has been and continues to be willful and deliberate.

64. The Defendants had actual notice of at least Claims 1-16 of the '563 Patent and, despite that notice, the Defendants have persisted in infringing the '563 Patent. The Defendants have acted despite an objectively high likelihood that their actions constitute infringement of the '563 Patent, and knew or should have known of the risk associated with their deliberate actions.

65. The Defendants' infringement has injured DMC, and DMC is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, treble damages, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, DMC respectfully demands judgment against Defendants, their subsidiaries, affiliates, agents, servants, employees, attorneys and all persons in active concert or in participation with them, granting DMC the following relief:

(1) A permanent injunction prohibiting Defendants from further acts of infringement of the Patents-in-Suit;

(2) Damages sufficient to compensate DMC for the infringement by Defendants in an amount to be proved at trial, but in no event less than a reasonable royalty, together with prejudgment interest from the date infringement began;

(3) An award to DMC of three times the amount of damages so determined, as provided for in 35 U.S.C. § 284;

(4) A finding that this case is "exceptional," and an award to DMC of its costs and reasonable attorneys' fees, as provided in 35 U.S.C. § 285; and

(5) Such other and further relief as this Court or jury may determine to be proper and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury on all issues so triable.

Respectfully submitted,

Date: October 4, 2012

_____

Paul A. Taufer, Esq. (PA 58,935)
Michael L. Burns, Esq. (PA 204,365)
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA   19103
Phone: (215) 656-3385
Fax: (215) 606-3385
paul.taufer@dlapiper.com
michael.burns@dlapiper.com

Attorneys for Destination Maternity Corporation

**Of Counsel:**

Frank W. Ryan
Tamar Y. Duvdevani
Melissa A. Reinckens
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501
frank.ryan@dlapiper.com
tamar.duvdevani@dlapiper.com
melissa.reinckens@dlapiper.com

EAST\51758019.2